UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE JESUS GUIO PALACIO,<br><br>Petitioner,<br><br>-v-<br><br>RAUL MALDONADO, JR., *in his official capacity as Warden of the Metropolitan Detention Center*; KENNTH GENALO, *in his official capacity as Field Office Director, New York City Field Office, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of Homeland Security,*<br><br>Respondents. | 26-CV-7351<br>**ORDER** |

**NINA R. MORRISON**, United States District Judge:

This case has been assigned to the undersigned for all purposes.

*First,* **counsel for Respondents shall promptly enter an appearance on the Electronic Case Filing System** to ensure timely receipt and compliance with all filings and court orders as the case proceeds.

*Second*, Respondents shall submit a letter by **Tuesday, November 17, 2026 at 12:00 P.M.** outlining the legal authority that justified 1) Petitioner's detention when he was originally taken into custody in Florida; 2) his continued detention at this time; and 3) indicating whether Respondents believe a hearing in this matter is necessary. As an exhibit, Respondents shall attach a document clearly outlining the history of Petitioner's detention, including the dates and location of his detention. In the letter, Respondents should address:

(1) Petitioner's A-number, current place of detention, and a contact person who can facilitate counsel's access to Petitioner;

(2) the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

(3) if Respondents assert the authority to detain Petitioner under 8 U.S.C. § 1225(b)(2), whether Respondents take the position that Petitioner's detention accords with the statutory and constitutional requirements set forth in the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). If Respondents agree that the Second Circuit's analysis in *Barbosa da Cunha* governs the issues presented in this Petition, the submission may take the form of a letter so stating, and indicating whether Respondents still oppose issuance of the writ, without waiving any right Respondents may have to seek further review if *Barbosa da Cunha* is reversed or modified by the Second Circuit *en banc* or by the United States Supreme Court;

(4) if Respondents assert the authority to detain Petitioner under 8 U.S.C. § 1226(a), whether there is any basis to distinguish the asserted grounds for detention in this case from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026). Specifically, if authority is asserted under § 1226(a), the submission shall state whether Petitioner was provided, prior to detention, an individualized custody determination based on his risk of flight or potential

dangerousness, and include all relevant records documenting such process. *See Inestroza Carbajal v. Frazier*, No. 26-CV-2778 (SJB), 2026 WL 1309265, at *2 (E.D.N.Y. May 12, 2026); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 316–17 (E.D.N.Y. 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492–93 (S.D.N.Y. 2025); *Tumba v. Francis*, 813 F. Supp. 3d 394, 404 (S.D.N.Y. 2025). Respondents are reminded that, as this Court held in *H.A.C.F.*, any post-deprivation hearing or process does not cure the failure to provide the requisite individualized determination prior to detention. *See H.A.C.F.*, 2026 WL 482607, at *3; *see also Inestroza Carbajal*, 2026 WL 1309265, at *2; *Sidqui v. Almodovar,* No. 25-CV-9349 (VSB), 2026 WL 251929, at *17 (S.D.N.Y. Jan. 30, 2026); *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025); *O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 405 (E.D.N.Y. 2025). If there is no basis to distinguish this Petition from the Court's analysis in *H.A.C.F.* or these other cited authorities, the submission may similarly take the form of a letter so stating, and indicating whether Respondents have any other grounds to oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal;

(5) if Respondents assert the authority to detain Petitioner under 8 U.S.C. § 1231, whether there is any basis to distinguish the asserted grounds for detention from this Court's decisions in *Diallo v. Lyons*, 837 F. Supp. 3d 422 (E.D.N.Y. 2026) and *Zhang v. Genalo*, 814 F. Supp. 3d 307 (E.D.N.Y. 2025). Specifically, if authority is asserted under § 1231, the submission shall state whether

Petitioner (1) is subject to a final order of removal and (2) was detained within the ninety (90) day statutory removal period detailed in § 1231(a)(1). *See Diallo v. Joyce*, 817 F. Supp. 3d 202, 204–06 (S.D.N.Y. 2025); *Parra v. Favro*, No. 26-CV-00363 (AMN), 2026 WL 1030870, at *4–5 (N.D.N.Y. Apr. 16, 2026). If Petitioner was not detained during the statutory removal period, the submission shall state whether Respondents complied with all applicable statutes and regulations in revoking any Order of Supervision to which Petitioner is subject. *See Duong v. Maldonado*, 837 F. Supp. 3d 482, at 488–89 (E.D.N.Y. 2026); *Liu v. Genalo*, No. 26-CV-3720 (AT), 2026 WL 1383370, at *2–3 (S.D.N.Y. May 14, 2026); *Mohammad v. Kurzdorfer*, No. 26-CV-132 (LJV), 2026 WL 657460, at *5–6 (W.D.N.Y. Mar. 9, 2026); *E.M.M. v. Almodovar*, No. 25-CV-8212 (MMG), 2025 WL 3077995, at *3, *5–6 (S.D.N.Y. Nov. 4, 2025). The submission shall also include any travel document(s) that have been procured for Petitioner any time since he was first taken into Respondents' custody. If Respondents have not yet obtained any such document, the submission shall provide a written explanation to the Court as to the status of that process, including, but not limited to, a copy of any written or electronic communications between Respondents and foreign officials in connection with request(s) for travel documents. If there is no basis to distinguish this Petition from the Court's analysis in *Diallo* or *Zhang* or the other cited authorities, the submission may similarly take the form of a letter so stating, and indicating

whether Respondents have any other grounds to oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal.

(6) if Respondents assert the authority to detain Petitioner under a different provision, any record(s) documenting the invocation of that authority at the time that Petitioner was detained. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 21 (2020) (holding that an agency cannot justify its action based on "impermissible '*post hoc* rationalization'" (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)));

(7) a copy of any final order of removal for this Petitioner; and

(8) any other documentation or exhibits regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings concerning this Petitioner.

The Court will then schedule further briefing and/or other proceedings, if necessary.

**SO ORDERED.**

Dated: November 14, 2026
Brooklyn, New York

*/s/ Nina R. Morrison*
Nina R. Morrison
United States District Judge